UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

STEPHEN SAPP                                                                           PETITIONER

v.                                                        CIVIL ACTION NO. 5:10-CV-P166-R

JAY JONES et al.                                                                      RESPONDENTS

## MEMORANDUM AND ORDER

Petitioner, Stephen Sapp, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DN 1), asserting that his Due Process rights were violated during an April 1, 2010, prison adjustment committee hearing which resulted in his loss of good-time credit. Because it appeared that Petitioner had not exhausted his state remedies prior to filing his petition, the Court ordered Petitioner to show cause why his petition should not be dismissed for failure to exhaust. The Court also ordered Petitioner to amend his petition to name the correct Respondent. Petitioner has moved the Court to amend his petition to name as Respondent Phil Parker, Warden at the Kentucky State Penitentiary (DN 8). That motion is **GRANTED**. <u>The Clerk of Court is **DIRECTED** to substitute Phil Parker as the named Respondent</u>.

In the present case, Petitioner exhausted his prison administrative remedies and then filed an action in state trial court under Ky. Rev. Stat. § 418.040. According to the petition, the state trial court dismissed that action on Respondent's motion on August 23, 2010, and Petitioner did not file an appeal to the state appellate court.

In response to the show-cause Order (DN 7), Petitioner argues that he should be excused from the requirement to fully exhaust the state court system because he is not knowledgeable of the law and because he is in segregation and has no help from a legal aide or appointed counsel.

To warrant relief under § 2241, a petitioner is required to exhaust his state remedies prior to bringing such an action. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.*; *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Rose*, 455 U.S. at 518-19. Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In the present case, Petitioner exhausted his prison administrative remedies and then filed an action in state trial court under Ky. Rev. Stat. § 418.040. The state trial court dismissed that action on Respondent's motion, and Petitioner did not appeal. Petitioner asserts that he would have filed an appeal if he knew how or if he had someone to help him who knew how. Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file an appeal of the state trial court's decision. *See*, *e.g.*, *Jones v. Schriro*, No. CV-08-0333-PHX-GMS, 2009 WL 775384, at **8-9 (D. Ariz. Mar. 20, 2009).

For the reasons set forth above, the Court will deny the petition and dismiss this action.

2

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner, *pro se*
4413.009